Frank Santore, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, State Workmen's Insurance Fund, and Commonwealth of Pennsylvania, Department of Revenue, Bureau of Taxes for Education, Respondents.

Argued June 8, 1978, before Judges CRUMLISH, JR., BLATT and DISALLE, sitting as a panel of three.

*Lawrence Solomon,* for petitioner.

*Patrick J. Melloy,* with him *John E. O'Connor,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, August 28, 1978:

Frank Santore (claimant) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision terminating payment of compensation benefits to him for total disability.

The claimant was employed as an investigator by the Commonwealth Department of Revenue (Department). In 1971, he slipped and fell on an icy sidewalk during the course of his employment and sustained injuries. He and the Department entered into an agreement for compensation pursuant to which he was paid $60.00 a week. In 1973, the Department filed a petition to modify the agreement, alleging that the claimant's disability had decreased. After a hearing, the referee treated the petition as a petition to terminate and terminated the claimant's benefits, finding that he was no longer disabled because of injuries suffered in 1971. Upon appeal, the Board remanded the case to the referee for reconsideration of the

medical testimony,[1] and the referee then reconsidered the evidence and again ordered the termination of benefits. The Board on appeal modified the referee's determination so as to indicate another day as the date on which the claimant's disability terminated and affirmed the termination of compensation. This appeal followed.

Section 427 of The Pennsylvania Workmen's Compensation Act,[2] 77 P.S. §876.1, provides that this Court's scope of review in workmen's compensation appeals is that defined in Section 44 of the Administrative Agency Law,[3] 71 P.S. §1710.44, and so limits us to a determination as to whether or not an error of law was committed, constitutional rights were violated, or findings of fact necessary for the adjudication are unsupported by substantial evidence. The claimant argues here that the referee's findings are unsupported by substantial evidence.

Specifically, he disputes these findings:

The weight of credible medical evidence before the Referee through the testimony of Defendant's and Claimant's testifying physicians, when considered in connection with Claimant's testimony, leads to a factual conclusion that Claimant's disability ceased. . . . The Referee will consequently amend the pleadings in this case to conform to the evidence presented and treat the Petition filed herein instead as a Petition for Termination. . . .

The medical bills submitted by Dr. Gratz for services rendered during the one (1) year statu-

---

[1] The Board remanded the case because it believed that the referee's finding concerning the date the claimant's disability terminated was unsupported by any evidence of record.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

[3] Act of June 4, 1945, P.L. 138, *as amended*, 71 P.S. §1710.1 et seq.

tory period following Claimant's accident of January 8, 1971 amounted to $356.00. However, the Referee determines that only $60.00 of this amount is for services rendered for treatment of Claimant's injuries sustained in the accident of January 8, 1971.

Concerning the claimant's present disability, the parties both presented medical evidence. The claimant and his treating physician both testified that the claimant's disability had increased since the time of his injury. The Department's medical witness, an orthopedic surgeon, testified, however, that he had examined the claimant and that it was his opinion that all disability from the 1971 accident had ceased and that the claimant could return to work. It is well settled that determinations as to credibility and the choice between conflicting competent medical testimony are solely within the province of the referee. *Penzoil United, Inc. v. Mitchell*, 27 Pa. Commonwealth Ct. 76, 78-79, 365 A.2d 905, 907 (1976). In the present case, the referee chose to believe the testimony of the Department's medical witness, and our review of the record indicates that the finding based thereon is supported by substantial evidence. It is therefore binding on this Court.

The claimant presents a similar challenge to the referee's finding concerning the cost of services rendered by the claimant's physician for treatment of injuries sustained in the 1971 accident. The claimant and his physician testified that, in the one-year period following the accident, the claimant had been treated by his physician for both the injuries sustained in the accident and for diabetes. The claimant's physician explained the treatment which he applied to the claimant's injuries and indicated that his bills amounting to $356.00 for the period did not include the cost of his treatment for the diabetes. The referee found,

however, that only $60.00 of this amount was for treatment of the claimant's injuries sustained in the 1971 accident. In making this finding, he obviously did not find the testimony of the claimant's physician concerning the costs of treatment to be credible, and, as the fact-finder, it was his duty to judge credibility and determine the weight to be accorded the evidence offered. *Williams v. San Giorgio Macaroni, Inc.,* 13 Pa. Commonwealth Ct. 386, 319 A.2d 434 (1974). We can find no error in the referee's basing his finding on his evaluation of the credibility of the claimant's medical witness.

The order of the Board is therefore affirmed.

### ORDER

AND Now, this 28th day of August, 1978, the order of the Workmen's Compensation Appeal Board, docketed at A-71921 and dated March 17, 1977, is hereby affirmed.