James D. Pyrlik, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Sun Line Coach Company, Inc.. and Travelers Insurance Company, Respondents.

Submitted on briefs, March 9, 1979, to Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Samuel D. Hodge, Jr.,* and, of counsel, *Gold & Silverman,* for petitioner.

*Arthur Ed. Saylor,* and, of counsel, *Edelman, Saylor, Readinger & Poore,* for respondents.

OPINION BY JUDGE WILKINSON, JR., April 18, 1979:
This is an appeal by claimant from a decision by the Workmen's Compensation Appeal Board (Board)

which upheld a referee's decision which terminated claimant's workmen's compensation benefits pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772. We affirm.

On June 28, 1976 claimant suffered a whiplash injury while in the course of his employment. He began receiving total disability payments on July 5, 1976. On September 28, 1976 claimant was examined by a physician who completed an Affidavit of Recovery saying claimant would be able to return to work without limitation on October 4, 1976. On October 12, 1976 a Petition for Suspension of Compensation was filed by the employer asking for suspension of benefits as of October 4, 1976. Hearings on this matter were held three times from December of 1976 through September of 1977. On November 9, 1977 the referee ruled that claimant had recovered and was able to return to work on October 4, 1976. Claimant appealed and the Board upheld the referee.

Claimant maintains that there was not substantial evidence for the referee to make a finding of recovery. After reading the record we find that there was. Two doctors testified, one for the employer and one for the claimant. The employer's doctor's testimony, while using the word "probably" in response to one question, at another time answered unequivocally that it was his opinion within a reasonable degree of medical certainty that claimant could return to work. The claimant's doctor's testimony was equivocal at the least. He testified that at one point during treatment he suggested claimant try returning to work. Also, when cross-examined he conceded that he could find no physical cause for claimant's complaint.

A careful review of the entire record convinces us that there was substantial evidence to support the referee's findings.

Accordingly, we will enter the following

ORDER

AND Now, April 18, 1979, the order of the Workmen's Compensation Appeal Board, Docket No. A-74308, dated July 6, 1978, suspending benefits to James D. Pyrlik is affirmed.