Bernard A. Jones, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Respondent.

Argued February 4, 1980, before Judges Rogers, Blatt and Williams, Jr., sitting as a panel of three.

*Anthony J. Molloy, Jr.,* of counsel, *Sagot & Jennings,* for appellant.

*Ronald F. Bove,* of *Swartz, Campbell & Detweiler,* for respondent.

Opinion by Judge Williams, Jr., March 21, 1980:

The appellant, Bernard A. Jones (Claimant), appeals from a decision of the Workmen's Compensation Appeal Board affirming the suspension of benefits he had been receiving for a work-related injury.

The Claimant was employed as an electrician for the Ortlieb Brewing Company. On May 14, 1976, he suffered a sprained *right* ankle in the course of his employment and began receiving Workmen's Compensation benefits from his employer. The Claimant returned to work on July 12, 1976 and at that time signed a final receipt. He continued working until July 21, 1976, when he became disabled again because of a problem with his sprained right ankle. As a result of that, the Claimant and his employer entered into a supplemental agreement giving the Claimant total disability benefits from July 23, 1976.

About August 1, 1977 the employer filed a petition to suspend the payment of benefits, alleging that the Claimant had recovered from his work-related injury and would have been able to resume his former employment were it not for some physical condition unrelated to the previous work injury.

In order to satisfy its burden of proof, the employer presented the testimony of Dr. Leonard Klinghoffer, a Board certified orthopedic surgeon. Dr. Klinghoffer's testimony included his reading an affidavit he had submitted prior to the hearing before the Referee. Dr. Klinghoffer testified that he examined the Claimant on July 6, 1977, and found the Claimant to be favoring his *left* ankle and complaining of pain in the *left* ankle, but made no complaint at that time about his right ankle, the one he had injured at work. Dr. Klinghoffer further pointed out that the right foot and ankle appeared to be normal and that the right ankle had a full range of motion. The Doctor also stated that his clinical examination of the right ankle disclosed no sign of "Sudeck's atrophy", a neurovascular problem which can develop from trauma.

Dr. Klinghoffer X-rayed both feet, which revealed some demineralization in both feet and evidence of "osteoporosis" in both ankles. These findings, according to Dr. Klinghoffer, suggested a diffuse metastatic disease that was destroying the bone in both feet. Dr. Klinghoffer then testified that it was this condition that was disabling the Claimant, and that this condition was not related to the previous work injury. Dr. Klinghoffer added that he could not find anything *related to the work injury* that was keeping the Claimant from working at the time of the medical examination.

The Claimant, while not having the burden of proof on the petition before the Referee, did present medical evidence through Doctor William Cassidy,

who is also a Board certified orthopedic surgeon, and who was also the Claimant's treating physician. Dr. Cassidy testified that the Claimant was suffering from "Sudeck's atrophy" in both ankles, which he related to the work injury. According to Dr. Cassidy, the Claimant developed that condition in his *left* ankle because the work injury to the right ankle caused him to put stress on the left ankle.

The Referee found that the Claimant had recovered from the 1976 work injury and was suffering from osteoporosis *and* probable metastatic disease not related to his work or to a trauma suffered in the original work accident. The Referee also found that the Claimant's inability to earn wages was due entirely to the osteoporosis and metastatic disease.

The appellant recognizes that the Referee, as factfinder, has the power and discretion to select which of conflicting testimony to believe. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). What the appellant asserts is that the Referee erroneously synthesized two differing opinions by finding that the Claimant had both osteoporosis *and* a metastatic disease.

We find no merit in appellant's contention. Dr. Klinghoffer did testify that in addition to finding the metastatic disease in the appellant's feet, he also found X-ray evidence of osteoporosis but said that the osteoporosis *was not related to the work injury.*

Therefore, since there is substantial evidence to support the Referee's findings, and no error of law appearing, we must affirm the decision of the Workmen's Compensation Appeal Board in this case. *Joseph Horne Co. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 419, 327 A.2d 395 (1974); *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

178

Accordingly, we enter the following

ORDER

AND Now, the 21st day of March, 1980, the decision of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

President Judge BOWMAN did not participate in the decision in this case.