Earl H. Roberts, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Carpenter Technology, Inc., Respondents.

Argued October 8, 1980, before Judges CRAIG, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*William David Murphy, Sager & Sager Associates,* for petitioner.

*John E. Domalakes, Rubright, Domalakes, Troy & Miller,* for respondent, Carpenter Technology, Inc.

OPINION BY JUDGE WILLIAMS, JR., March 30, 1981:

This is the appeal of Earl H. Roberts, Jr. (claimant) from an Order of the Workmen's Compensation Appeal Board (Board). The Board's Order affirmed a referee's decision denying compensation to the claimant, and affirmed the referee's treatment of the case as a Petition to Set Aside a Final Receipt.

Roberts was employed by Carpenter Technology Corporation (employer) as a furnace charger. His position often required that he do heavy lifting. On May 16, 1975, he injured his lower back while doing such lifting. Although the severity and duration of his injury were disputed, the claimant received workmen's compensation benefits over three separate periods. Initially, he received benefits from May 17, 1975 to May 26, 1975. He returned to work on May 27, 1975, and executed a Final Receipt on June 6, 1975. On May 29, 1975, he re-injured his lower back while moving empty oil drums; this incident resulted in payment of additional benefits from May 30, 1975 to October 20, 1975. On October 21, 1975, he returned to work in a janitorial capacity; and a second Final Receipt was executed by him on October 23, 1975. He continued working as a janitor until December 30, 1975, when he was again disabled by pain in his lower back. This disability was compensated by payment of benefits from December 31, 1975 to January 19, 1976. The

claimant returned to work on January 20, 1976, and executed a third Final Receipt on January 29, 1976.

Roberts ceased working for the employer on January 29, 1976. Thereafter he received additional treatment on his lower back, including surgery in June, 1976. On June 21, 1976, he filed a claim petition alleging compensable disability from May 16, 1975, to the date of filing. This claim was filed in spite of the benefits which the claimant had already received; and despite the fact that he had also received $118 per week after January 29, 1976, through the employer's sickness and accident insurance program.

The claim petition was denied by a referee, and the claimant appealed to the Board. Some procedural confusion ensued during pendency of that appeal; this confusion was due to the several Final Receipts, and two apparently incompatible Notices of Compensation Payable, which are part of this record. The Board remanded the case to the referee with directions that the procedural confusion be resolved by treatment of the matter as a Petition to Set Aside the claimant's most recent Final Receipt, which was executed on January 29, 1976.

On remand the referee, after taking conflicting medical testimony, found that the claimant failed to carry his burden of proof and held for the employer. The claimant appealed this decision to the Board. The Board affirmed the referee, and claimant brings this appeal from the Board's Order.

Putting aside the procedural problems, which were properly resolved by the Board's remand, the record before us presents one simple issue for our consideration: Did the claimant meet his burden of proof to set aside the Final Receipt of January 29, 1976?

The law is clear that a claimant who attempts to set aside a Final Receipt must meet his burden of conclusive proof with clear and convincing evidence.

*Kerchner v. Materials Transport Service, Inc.*, 29 Pa. Commonwealth Ct. 589, 372 A.2d 51 (1977); *A. Steiert & Sons Inc. v. Rice*, 8 Pa. Commonwealth Ct. 264, 301 A.2d 919 (1973). Applying this standard to the instant case, it was incumbent upon the claimant to prove conclusively, by clear and convincing evidence, that all disability from his May 16, 1975 injury had not disappeared at the time he executed the Final Receipt in question.

The claimant's evidence consisted of the deposition of his physician, Dr. Morrissey, and the claimant's own testimony. The employer presented its physician, Dr. Gerhart. Both of these physicians had treated the claimant and were familiar with his injury; significantly, their statements presented a conflict of medical expert testimony, which is ultimately a question of credibility. It is the function of the referee to determine the credibility of, and weight to be given to, the testimony of medical experts in Workmen's Compensation cases. *City of Scranton Fire Department v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 151, 401 A.2d 889 (1979); *Santore v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 351, 390 A.2d 878 (1978).

The referee found that the medical testimony supporting the claimant was equivocal; and there is substantial competent evidence in this record to support that finding. Neither the Board nor this Court may disturb a referee's resolution of conflicting medical testimony when that resolution is supported by substantial competent evidence. *Katz v. Evening Bulletin*, 485 Pa. 536, 403 A.2d 518 (1979); *Workmen's Compensation Appeal Board v. Levy*, 23 Pa. Commonwealth Ct. 658, 354 A.2d 7 (1976). Furthermore, where a claimant has a duty to prove *conclusively* that all disability resulting from a specific injury has not terminated, such equivocal testimony is insufficient

evidence as a matter of law; and the claimant's burden has not been met.

Our review of the record before us discloses no violations of the applicable standards announced by this Court. Therefore, the Order of the Workmen's Compensation Appeal Board is affirmed.

ORDER

AND Now, the 30th day of March, 1981, the Order of the Workmen's Compensation Appeal Board, at Docket No. A-77528, dismissing the claimant's appeal, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR..