Marilyn J. Mickles, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Oscar Mayer & Company, Respondents.

Argued February 5, 1981, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Thomas F. McDevitt,* for petitioner.

*William R. Hourican,* of counsel, *Morgan, Lewis & Bockius,* for respondent, Oscar Mayer & Company.

OPINION BY JUDGE WILLIAMS, JR., May 1, 1981:

This is an appeal by Marilyn Mickles (claimant) from an order of the Workmen's Compensation Appeal Board (Board) which suspended her workmen's compensation benefits.

Claimant, Marilyn Mickles, was last employed by Oscar Mayer and Company (Oscar Mayer) as a pork sausage scaler. On November 17, 1972, while in the course of her employment, claimant slipped and fell on a wet floor, causing her to sustain injuries to her neck and back. Thereafter, claimant and her employer, Oscar Mayer, entered into a compensation agreement whereby claimant was paid benefits in the amount of ninety-four dollars per week. In the succeeding months, claimant returned to work on several occasions, but alleged that continual pain prevented her from permanently resuming her employment.

Subsequent to claimant's attempted resumption of work, Oscar Mayer filed a petition for termination of

benefits effective as of September 12, 1973. The petition was filed pursuant to a medical report issued by claimant's physician, Dr. Steinberg, stating that claimant had recovered from her disability and was fit to return to work. Following eight hearings, the referee entered a decision granting Oscar Mayer's petition. Claimant appealed that decision to the Board which remanded the case to the referee for clarification of the findings of fact and conclusions of law. A second decision was handed down by the referee, once again granting Oscar Mayer's petition to terminate claimant's benefits. That determination contained extensive findings of fact detailing the testimony presented at the hearing. The evidence, the referee found, established that the claimant was capable of returning to work without a loss of earnings and thus she should not continue to receive disability benefits. An appeal was again taken to the Board which affirmed the referee's decision with one modification; the claimant's benefits were ordered suspended, rather than terminated, as of September 12, 1973. The Board concluded that the evidence demonstrated that some disability still did exist in claimant. It further concluded, however, that claimant's employer had established the availability of work which claimant could perform, without a loss of earnings, despite her physical condition. It is from the Board's suspension order that the claimant now appeals.

Claimant advances three arguments in her attempt to persuade this Court to overrule the Board's determination. First, claimant contends that her employer has not sustained its burden of proving that her disability has ceased or that she is able to return to work at a reduced capacity without a loss of earnings. In this regard, claimant alleges that a great portion of the pain from which she suffers is caused by a psychological overlay. She asserts that the medical evidence

offered by Oscar Mayer in support of its petition does not disprove the existence of such a psychological overlay.

It is true that an employer seeking a suspension or termination of workmen's compensation benefits must prove that the disability of the claimant has ceased or that work is available to the claimant which she is able to perform without a loss of earnings. *E.g., Pennwalt Stokes Division v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 98, 403 A.2d 186 (1979). In the instant case, it is clear that claimant's employer has born its burden of proof. The employer presented competent, unqualified medical testimony demonstrating that claimant did not suffer from a psychological overlay and that she was able to resume her employment at the same rate of compensation as that she had received prior to the occurrence of her injury. The referee accepted that testimony in deciding this matter. Unequivocal testimony of a physician establishing that an employee can return to work supports an action for suspension of workmen's compensation benefits. *Pyrlik v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 65, 399 A.2d 1210 (1979). Furthermore, the referee, as fact-finder has the power and discretion to select which of conflicting medical testimony to believe. *Jones v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 174, 412 A.2d 686 (1980).

Claimant's next allegation is that the referee's findings of fact are not supported by substantial evidence. Specifically, claimant argues that the medical testimony of Dr. Steinberg does not buttress the referee's finding that no psychological overlay exists. We can not agree. Pennsylvania law provides that where a decision favoring the party having the burden of proof is before us, we are bound to accept the referee's factual determinations provided they are

supported by competent and sufficient evidence.[1] *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Dr. Steinberg stated that he examined the claimant on five occasions and on each and every occasion, claimant's neurological condition was perfectly normal. Although Dr. Steinberg did discuss the possibility of a psychological overlay, it was his opinion that there was no such overlay in claimant. It is readily apparent that the medical evidence presented by claimant's employer is competent and unequivocal, and sufficiently supports the referee's findings of fact. Thus, those findings are binding on this Court.

Finally, claimant contends that since the Board has conceded that she is still slightly disabled, it is incumbent upon her employer to offer her work which is compatible with her condition. She asserts that her employer has failed to demonstrate the availability of such work. Once again, we are at variance with claimant's contentions. This Court has recognized that once a workmen's compensation claimant has shown by credible evidence that he can no longer perform his former work because of a work-related injury, the burden shifts to the employer to show that there is other work available which claimant, within his limitations is capable of performing. *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968). We find that claimant's employer has met this burden. The sole restriction placed upon claimant with respect to her work activity dealt with her ability to lift heavy objects. She was instructed to refrain from lifting anything weighing more than twenty-five pounds. Claimant's employer produced an abundance of testimony at the referee's hearing establishing that sev-

---

[1] That is, when the Board, itself, has not heard additional testimony or taken additional evidence.

eral jobs, classified as light duty positions, were offered to and rejected by claimant. Any of those tasks would have been suitable for claimant, as none of them entailed the lifting of weighty objects. In addition, remuneration for each of those jobs was comparable to that which claimant had received in her former position.

Thus, we conclude that work was available to claimant which she was capable of performing and for which she would sustain no loss in earnings. Accordingly, we affirm the Board's order suspending benefits.

ORDER

AND Now, the 1st day of May, 1981, the Order of the Workmen's Compensation Appeal Board at Decision No. A-77673, suspending benefits, is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.