Peter Waleski, Petitioner *v.* Workmen's Compensation Appeal Board (Times Mirror Magazine et al.), Respondents.

Submitted on briefs September 14, 1983, to Judges ROGERS, MacPHAIL and BARRY, sitting as a panel of three.

*Dominick P. Pannunzio,* for petitioner.

*Paul A. Barrett, Nogi, O'Malley, Harris & Schneider, P.C.,* for respondent, Times Mirror Magazine.

OPINION BY JUDGE MacPHAIL, October 25, 1983:

Peter Waleski (Claimant) appeals the decision of the Workmen's Compensation Appeal Board (Board), affirming the referee's determination that payment of compensation should be terminated.

Claimant had been employed by Times Mirror Magazine (Employer) for nine years. The record shows that Claimant was injured at work on July 12, 1979 while attempting to pick up a carton from the floor, was treated for lower back pain, had x-rays taken on July 13, 1979, and continued to receive medical tratment for back pain. Claimant received compensation benefits following this injury. On January 29, 1980, Allstate Insurance Company, insurance carrier for Employer, filed a petition to terminate compensation as of January 14, 1980.

At the subsequent hearing the referee found as fact that:

> [O]n January 14, 1980, the claimant was no longer disabled by the injury which occurred on July 12, 1979, but was disabled by conditions not related to his back injury. These conditions are his gout, the marked fluid retention, and his marked obesity.

Having concluded that the disability attributable to Claimant's injury had terminated, the referee ordered that compensation payments be terminated, effective January 14, 1980. This order was affirmed by the Board, resulting in the instant appeal.

The burden is on the employer, where termination of compensation benefits is sought, to prove that the claimant's disability has ceased. *Costanzo v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 249, 410 A.2d 967 (1980). Where, as here, the Board has not heard additional testimony or taken additional evidence, and a decision in favor of the party having the burden of proof is before us, "we are bound to accept the referee's factual determinations provided they are supported by competent and sufficient evidence." *Mickles v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 109, 112-113, 428 A.2d 1035, 1037 (1981). We must therefore look at the sufficiency of the medical testimony offered by the Employer in the instant case to determine whether it was competent and sufficient to meet the Employer's burden of proof before the referee.[1]

---

[1] Claimant argues that the findings of fact by the referee were in capricious disregard of the evidence; however, that is not our scope of review in the case *sub judice.* Our scope of review, where the employer has met its burden of proof before the Board, is to determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were unsupported by substantial evidence. *Costanzo.* In any event, we have previously

The Employer presented the Deposition of Dr. Joseph R. Sgarlat who testified that: "My opinion would be that [Claimant] recovered from that injury but that he was disabled from these conditions that were not related to the injury." Although Claimant suggested on cross-examination that his July 12 injury may have been the cause of the narrowing of the interstitial space seen in x-rays of Claimant's back taken on July 13, 1979 and subsequently, Dr. Sgarlat was unequivocal in his statement that the July 12 type of injury would not produce the changes seen in the x-rays. Dr. Sgarlat further testified as to Claimant's reported history of gout, his obesity, and the fluid retention in his feet, but stated that none of those conditions was related to Claimant's injury. Claimant presented conflicting medical testimony, and testified that he did not report a history of gout to Dr. Sgarlat. The referee, however, is the factfinder who determines the weight to be given to conflicting evidence. *Costanzo.* "Neither the Board nor this Court may disturb a referee's resolution of conflicting medical testimony when that resolution is supported by substantial competent evidence." *Roberts v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 123, 126, 427 A.2d 328, 330 (1981).

Dr. Sgarlat was acknowledged by Claimant as a qualified specialist in orthopedic medicine, and he testified to his medical opinion. The Employer's medical testimony is competent and unequivocal, and is sufficient evidence to support the referee's findings of fact; therefore, it is binding on this Court. *Mickles.*

---

found that a referee's having accepted the medical testimony of one physician while rejecting the opposing view of another physician does not constitute capricious disregard of competent evidence. *Brayo v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 234, 435 A.2d 1346 (1981). Regardless of which test is used, therefore, the result is the same in the case now before us.

The decision of the Board is affirmed.

ORDER

The decision of the Workmen's Compensation Appeal Board dated June 24, 1982, is affirmed.