Burns International Security Services, Inc., Petitioner v. Workmen's Compensation Appeal Board (Crist), Respondents.

Argued October 6, 1983, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Scott E. Becker, Thomson, Rhodes & Grisby,* for petitioner.

*Amiel B. Caramanna, Jr.,* with him *Alexander J. Pentecost,* for respondents.

OPINION BY JUDGE MACPHAIL, January 3, 1984:

Burns International Security Services, Inc. (Employer) appeals from the decision of the Workmen's Compensation Appeal Board (Board) dated August 4, 1982, that affirmed and amended the order of the referee, ordering payment of 760 weeks of specific loss benefits to the widow of Clarence J. Crist (Claimant) and payment of a 20 percent fee to Claimant's attorney for the entire 760 weeks of payment for the specific losses.[1]

Where the party having the burden of proof has prevailed below, our standard of review is limited to determining whether the referee's findings of fact are supported by substantial evidence, and whether there has been an error of law or a violation of constitutional rights.[2] *Crucible Steel v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 415, 442 A.2d 1199 (1982).

It was for the referee to determine the weight to be accorded to the testimony of medical experts; the referee was the factfinder and we will not disturb his findings merely because the testimony of the witnesses was contradictory. *Roberts v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 123, 427 A.2d 328 (1981). The record shows that Dr. Sanford F. Tolchin testified that in his medical

---

[1] The issue of attttorney's fees was not raised on appeal and is not addressed in this opinion.

[2] Employer has alleged no violation of its constitutional rights and we have found none.

opinion, all of Claimant's subsequent health problems were a result of the November 18, 1973, accident; therefore, we find that there was substantial evidence to support the referee's findings of fact.

The record shows that an original Notice of Compensation Payable was filed after Claimant stepped on a steel splinter on November 18, 1973, and compensation was paid.[3] Claimant's left leg was subsequently amputated below the knee as a result of the injury. In 1977, Claimant's right leg was amputated above the knee and he filed a Petition to Review alleging an entitlement to additional benefits. By order of June 25, 1980, the referee awarded compensation for total disability on the basis of Claimant's diabetes, which the referee found to be a separate injury, to be followed by payment for specific loss of both legs when the total disability ceased.[4]

Unfortunately, Claimant died shortly after this decision was rendered. Employer appealed the decision to the Board which remanded to the referee, because of Claimant's death, for consideration of Sections 306(c)[5] and 306(g)[6] in order to "complete what this board feels is a valid inquiry in this case where claimant has now died."

At the hearing following remand, neither Employer nor Claimant proffered any additional evidence. In his second decision the referee restated his original findings of fact and added the following:

---

[3] We note that the original notice of compensation payable listed for specific loss of Claimant's left leg below the knee, while the corrected notice was not for a specific loss. The Board accepted this corrected notice as being for total disability as a result of the November 18, 1973, injury.

[4] This method of compensation is consistent with Section 306(d) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513(d).

[5] *Id.* §513(23).

[6] *Id.* §541.

14. At the scheduled hearing on May 20, 1981, neither party hereto adduced any evidence; and both rested on the existing record.

15. There is no evidence in the record of this case on which to make a determination of the cause of claimant's subsequent death. And it is believed that such a determination is best left to a future time when and if a fatal claim petition is filed.

The conclusions of law and the award of compensation and counsel fees remained the same as in the first opinion and order. In short, the referee concluded that Claimant's death had no impact on his prior decision.

Employer again appealed to the Board which determined that its earlier reasoning was incorrect. The Board found that specific loss benefits should be paid to Claimant's widow, stating that, "[a]t the expiration of [his total] disability the Claimant is entitled to compensation for specific losses. Because he died and because of Section 306(g) of the Act, this is now payable to his widow." Assuredly death does terminate a claimant's total disability; nevertheless, we decline to find that this was what was intended by the Legislature when it provided in Section 306(d) for specific loss payments after a period of temporary total disability ends.[7]

It is true that when a claimant, who has been receiving payments for total disability under Section 306(c)(23) dies, his survivors may receive specific loss payments pursuant to Section 306(g). *Reed v. Workmen's Compensation Appeal Board,* Pa. ,

---

[7] "The word 'temporary' assumes a natural termination of the total disability status by the eventual healing of the injuries other than the specific loss injuries. . . ." *Turner v. Jones & Laughlin Steel Corp.,* 479 Pa. 618, 626, 389 A.2d 42, 46 (1978).

452 A.2d 997 (1982).[8] A careful reading of *Reed* and the relevant statutory provisions informs us, however, that a prerequisite to payment of specific loss payments to survivors is that the claimant's death was from a cause other than the injury. The pertinent language of Section 306(g) is:

> *Should the employe die from some other cause than the injury,* payments of compensation to which the deceased would have been entitled to under section 306(c)(1) to (25) shall be paid to the following persons. . . . (Emphasis added.)

A finding of the cause of Claimant's death, therefore, *was* necessary before the referee and the Board could make a determination whether specific loss payments were due his widow.

In light of our discussion above, we must vacate the order of the Board and remand for further fact-finding as to the cause of Claimant's death, and for further proceedings consistent with this opinion.

### ORDER

The order of the Workmen's Compensation Appeal Board of August 4, 1982, Docket No. A-81479 is hereby vacated and the matter is remanded for further fact-finding as to the cause of death of Clarence J. Crist, and further proceedings consistent with this opinion.

Jurisdiction is relinquished.

---

[8] The claimants in *Reed* were receiving total disability payments pursuant to Section 306(c)(23) when they died. The court held that their survivors were eligible for payment of specific loss benefits, although total disability benefits had been elected by the claimants.

In the case *sub judice*, Claimant may have been eligible for total disability payments under Section 306(c)(23). Clearly, having lost both legs, he was eligible for compensation of some kind under Section 306(c)(1) to (25).