Republic Steel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Varhola) and Commonwealth of Pennsylvania, Respondents.

Argued March 11, 1985, before Judge MACPHAIL and Senior Judges BLATT and BARBIERI, sitting as a panel of three.

*Linton L. Moyer, Thomson, Rhodes & Cowie,* for petitioner.

*Ronald J. Zera,* with him, *Daniel D. Harshman,* for respondent, Anna M. Varhola.

Opinion by Judge MacPhail, May 6, 1985:

Republic Steel Corporation (Employer) appeals here from a decision of the Workmen's Compensation Appeal Board (Board) affirming the referee's award of benefits to Anna M. Varhola (Claimant).

Claimant filed a fatal claim petition for compensation pursuant to Section 108 of The Pennsylvania Workmen's Compensation Act[1] following the death of her husband, Mike Varhola (Decedent). Claimant alleged that Decedent's death was as a result of anthracosilicosis and/or coal workers' pneumoconiosis. The burden of proving her right to the compensation rested with the Claimant.[2] Because Claim-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1.

[2] *See Senecal v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 180, 425 A.2d 1200 (1981).

ant prevailed before the Board, we must determine in our review "whether the referee's findings of fact are supported by substantial evidence, and whether there has been an error of law or a violation of constitutional rights."[3]

We must first determine the correct legal standard to be applied in determining Claimant's eligibility for benefits. The certification of Decedent's death found in the record states that the immediate cause of death was carcinomatosis due to carcinoma of the lung. Soft coal workers' pneumoconiosis was set forth under "other significant conditions." There is no dispute that Decedent was suffering from carcinoma of the lung at the time of his death.

In *Kusenko v. Republic Steel Corporation*, Pa. , 484 A.2d 374 (1984) our Supreme Court has set forth "a definitive standard for the determination of benefits under the Workmen's Compensation Act for deaths related to occupational hazards." The Court reaffirmed its plurality determination as set forth in *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 101, 460 A.2d 237, 241 (1983) that

Where there are multiple causes of death and the immediate cause was non-compensable, the requirements of §301(c)(2) [of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411] may be met by a showing with unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a substantial, contributing factor among the secondary causes in bringing about death.

---

[3] *Burns International Security Services, Inc. v. Workmen's Compensation Appeal Board*, 79 Pa. Commonwealth Ct. 340, 341, 469 A.2d 336, 337 (1984). We note that there is no allegation of a violation of constitutional rights, nor have we found one.

138

The Board in the instant case did not have the benefit of this definitive statement of the standard to be applied; however, changes in decisional law will be applied to cases which are in litigation when the change occurs.[4] In its opinion affirming the referee's decision, the Board specifically relied upon the case law set forth in *Evon v. Workmen's Compensation Appeal Board (U.S. Steel Corp.)*, 70 Pa. Commonwealth Ct. 325, 453 A.2d 55 (1982) wherein we held that the Act did not require that death or disability be solely caused by the occupational disease; rather it would be sufficient if it was shown that the disease was causally related to the death or disability, that is, that it was a contributory or accelerating cause. In *Kusenko*, we have been instructed that this is not the correct standard to be applied. We must hold, therefore, that the Board erred as a matter of law in applying *Evon* in its decision.

The referee's fifth finding of fact states:

Based on credible, competent and sufficient medical evidence of record in this case from Dr. C. K. Graff and Dr. H. L. Klieger, your Referee finds as a fact that the Claimant's husband died as a result of anthracosilicosis and/or coal workers' pneumoconiosis due to the total and cumulative exposure to coal dust throughout his working experience.

If there is substantial evidence in the record to support that finding, then the Claimant may very well prevail notwithstanding the Board's error in applying the wrong standard.

[4] *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 98 n. 3, 460 A.2d 237, 239 n. 3 (1983). Moreover, the standard affirmed in *Kusenko* was an interpretation of existing legislation which relates back to the original statute and, therefore, properly is applied in the instant case. *See, McCloskey*, 501 Pa. at 98 n. 3, 460 A.2d at 239 n. 3.

We are cognizant of the fact that neither we nor the Board may disturb this finding, which is the referee's resolution of conflicting medical testimony, so long as the finding is supported by substantial competent evidence.[5] Our careful review of the record, however, yields no substantial evidence to support a factual finding that Decedent's death *resulted* from the occupational disease as stated, although both physicians stated that Decedent *suffered* from coal workers' pneumoconiosis and that it was a *factor* in his death.[6] The referee's findings did not mention that both of Claimant's medical witnesses agreed that carcinoma of the lung was the principal cause of death.

Because the finding that Decedent's death was a result of anthracosilicosis and/or coal workers' pneumoconiosis was not supported by substantial evidence and because the Board applied an incorrect legal standard in determining Claimant's eligibility for benefits, we will remand this matter to the Board for reconsideration of Claimant's eligibility in light of the standard set forth in *Kusenko*.

### ORDER

The order of the Workmen's Compensation Appeal Board dated November 10, 1983, Docket No. A-80711, is hereby vacated and the matter is remanded to the Board.

Jurisdiction relinquished.

---

[5] *Waleski v. Workmen's Compensation Appeal Board,* 78 Pa. Commonwealth Ct. 75, 466 A.2d 796 (1983).

[6] Although the Board's opinion states that Dr. Graff, one of Claimant's medical witnesses, stated that coal workers' pneumoconiosis was a *substantial* contributing factor in Decedent's death, the deposition of that witness clearly shows that the doctor said that coal workers' pneumoconiosis was a "simply contributing" factor.