527 A.2d 1100

Charles Freeman, Sr., Petitioner v. Workmen's Compensation Appeal Board (C. J. Langenfelder & Son), Respondents.

Argued May 21, 1987 before Judges MACPHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Edward Jaffee Abes, Edward Jaffee Abes & Associates, P.C.,* for appellant.

*Louis C. Long,* with him, *Fred C. Trenor, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellee.

OPINION BY JUDGE COLINS, June 26, 1987:

Charles Freeman, Sr. (claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which granted the modification petition of C. J. Langenfelder & Son (employer) and denied the claimant's claim of concurrent employment under Section 309(e) of The Pennsylvania Workmen's Compensation Act (Act), Act

of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §582(e). We vacate and remand.

Claimant suffered a work-related injury on July 12, 1983 for which he received total disability benefits pursuant to a notice of compensation payable. The employer filed a modification petition, alleging, *inter alia,* that light work was available which the claimant was capable or performing. In his answer, the claimant denied the employer's claim and requested a review of his average weekly wage, alleging that he was entitled to weekly wages calculated on the basis of concurrent employment.

The referee found that the claimant had two concurrent employers until approximately two weeks prior to the injury when the second employer, A. J. Picone, went out of business; that the claimant had only one employer at the time of his injury; that claimant's disability had changed from total to partial; and that the employer had shown that light work was available to the claimant as of May 17, 1984. The referee held that the claimant was entitled to partial disability benefits to be computed by using only his earnings from the employer.

Claimant initially contends that the referee erred as a matter of law in holding that claimant was not entitled to weekly wages based on concurrent contracts of employment. He does not contest the referee's findings of fact on this issue, but argues that Section 309(e) is ambiguous with respect to the time period during which an employee is required to have concurrent contracts of employment and suggests that it should be interpreted as requiring concurrent employment within the year preceding the injury.

Section 309(e) states in pertinent part: "Where the employe is working under concurrent contracts with two or more employers, his wages from all such em-

ployers shall be considered as if earned from the employer liable for compensation." The word "concurrent" is defined as "occurring, arising or operating at the same time." Webster's Dictionary (3d Ed. 1981). Thus an employee must have two or more employers at the same point in time in order to receive a higher average weekly wage. Inasmuch as the employee does not dispute the fact that at the time of the incident in question, he only had one employer, he cannot be deemed to have had concurrent employers. Moreover, the General Assembly's use of the present tense negates any intention to include within its ambit workers who have previously been employed by concurrent employers. The claimant has been unable to cite any cases in this or any other jurisdiction where a court has compelled an employer to pay workmen's compensation benefits based on concurrent employment held prior to the employee's injury. Indeed, it is well accepted that an employee must be concurrently employed *at the time of the injury* for the employee to receive workmen's compensation benefits calculated on the basis of both employments. *See* 2 A. Larson, *Workmen's Compensation Treatise,* §60.31(a).

The claimant also contends that the referee erroneously placed the burden of proof on the claimant in contesting the employer's claim of job availability. We agree. In his decision, the referee made the following pertinent findings:

9. The employer sustained its burden of proof.

10. *Since Claimant adduced no medical evidence, the only issue that was actually contested by him* was the method of determining his average weekly wage. He contended that his wage should have been calculated as though he had concurrent employment at the time of his injury. (Emphasis added.)

The referee apparently premised his findings on the assumption that once the employer had introduced evidence of job availability, the burden shifted to the claimant to show, by medical evidence, that he was still disabled. This is not the correct standard. Where the employer seeks to reduce benefits from total to partial disability, the burden is upon the employer, not the claimant, to show that work is available which the claimant is physically capable of performing. *Rettinger v. Workmen's Compensation Appeal Board (American Can Company)*, 103 Pa. Commonwealth Ct. 595, 520 A.2d 1252 (1987). Here, as in *Rettinger*, the referee applied an incorrect standard, which, in effect, placed the burden upon the claimant to show the unavailability of suitable work. We, therefore, are constrained to vacate and remand the matter to the Board for further findings in conformity with the standard set out in *Rettinger*.

## ORDER

AND NOW, this 26th day of June, 1987, the order of the Workmen's Compensation Appeal Board, in the above-captioned matter, is affirmed to the extent that it bases the claimant's wage calculation solely upon the claimant's employment with C. J. Langenfelder & Son. The remainder of the Board's order is vacated and the matter shall be remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.