582

545 A.2d 992

Diane Mengel, Petitioner *v.* Workmen's Compensation Appeal Board (Boyer's IGA, Inc.), Respondents.

Submitted on briefs April 21, 1988, to Judges MAC-PHAIL, SMITH, and Senior Judge BARBIERI, sitting as a panel of three.

*Lester Krasno,* for petitioner.

*Paul J. Dufallo, Zimmerman, Lieberman & Derenzo,* for respondent, Boyer's IGA, Inc.

OPINION BY JUDGE SMITH, August 16, 1988:

This is an appeal by Diane Mengel (Claimant) from a decision of the Workmen's Compensation Appeal Board (Board) which reversed the referee's order dismissing a termination petition and continuing benefits to Claimant. The issue presented is the effect of unemployment compensation benefits received by Claimant on the calculation of her average weekly wage for purposes of workmen's compensation.

Beginning in 1968, Claimant was employed as an office worker at the Foltz Trucking Company. In 1983, she was concurrently employed at the Boyer's IGA (Employer) store as a grocery bagger. In September of 1984, Foltz Trucking Company went out of business and Claimant was laid off whereupon she received unemployment compensation benefits at the rate of $136.00 per week. On February 1, 1985, Claimant suffered a work-related injury at Boyer's Supermarket. A notice of compensation payable was filed and Claimant began receiving workmen's compensation benefits at the rate of $112.00 per week.

On May 29, 1985, Claimant was employed by H.H. Fessler's Knitting Mills with average weekly earnings of $150.00 which were increased to $168.75 on September 1, 1985. Employer terminated Claimant's workmen's

compensation benefits as of May 29, 1985, based upon Claimant's return to work at no loss of earnings.

On July 16, 1985, Employer filed a termination petition contending that Claimant had returned to work without any further disability or loss of earnings or earning power. After a hearing on September 5, 1985, the referee found that Claimant's disability continued; that she could not return to her work as a grocery bagger; and that her earning power remained diminished. Findings of Fact Nos. 8-9. The referee dismissed employer's termination petition, and directed the employer to pay workmen's compensation of $112.00 per week to Claimant. The Board reversed the referee and ordered that payment of compensation be suspended effective May 29, 1985. The Board held that where disability continues with a loss of earning power but Claimant earns more than before her injury, benefits must be suspended.

Claimant argues that the Board erred as a matter of law in holding that Claimant was not entitled to a compensation rate based upon Claimant's combined pre-injury wages from Foltz Trucking and Boyer's IGA. Claimant further argues that she was entitled to partial disability benefits since the combined average weekly wages from Foltz Trucking and Boyer's IGA were greater than earnings from Claimant's new job. In support of her contention, Claimant relies upon the fact that the referee awarded benefits greater than Claimant's weekly wages of $96.85 from Boyer's IGA and that Boyer's agreement to pay $112.00 per week benefits was an acknowledgment of concurrent employment. Further, Claimant asserts that receipt of unemployment compensation due to her lay-off from Foltz Trucking constitutes a continuation of her employment relationship with Foltz thereby requiring the referee to include her Foltz pre-injury wages in the computation of workmen's compensation benefits.

In seeking suspension or termination of workmen's compensation benefits, an employer must prove that the disability of Claimant has ceased or that work is available to Claimant which she is capable of performing without loss of earnings. *Mickles v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 109, 428 A.2d 1035 (1981). A claimant's compensation may be properly suspended when post-injury earnings equal or exceed wages previously earned since partial disability compensation is based upon the difference between the claimant's wages as an injured worker and his or her earning capacity as indicated by the pre-injury wages. *Palmiere v. Workmen's Compensation Appeal Board (East End Trucking),* 91 Pa. Commonwealth Ct. 137, 496 A.2d 918 (1985); *Cannon Boiler Works, Inc. v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 546, 428 A.2d 293 (1981).

Review by this Court, in a workmen's compensation case, is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Bailey v. Workmen's Compensation Appeal Board (Lawton Feed* & Supply, Inc.), 105 Pa. Commonwealth Ct. 106, 523 A.2d 415 (1987); *Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.),* 102 Pa. Commonwealth Ct. 493, 518 A.2d 1305 (1986).

Section 309(e) of The Pennsylvania Workmen's Compensation Act,[1] pertaining to concurrent employment, provides in pertinent part:

> Where the employe is working under concurrent contracts with two or more employers, his wages from all such employers shall be con-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §582(e).

sidered as if earned from the employer liable for compensation.

It is well established that the claimant must have two or more employers at the time of the injury in order to receive benefits based upon multiple employment. *Freeman v. Workmen's Compensation Appeal Board (C. J. Langenfelder & Son)*, 107 Pa. Commonwealth Ct. 138, 527 A.2d 1100 (1987). In this instance, at the time of the injury, Claimant was only employed by Boyer's IGA. Nowhere in the Act does it provide that receipt of unemployment compensation shall be deemed to constitute concurrent employment as Claimant urges upon this Court. Further, the referee in his Finding of Fact No. 7 states:

> . . . The Referee finds that this is not a finding of concurrent compensation, but of consecutive compensation, and therefore Section 309(e) of the Workmen's Compensation Act which relates to concurrent employment is not applicable in the present situation.

Thus, Claimant's arguments regarding concurrent employment are clearly erroneous.

Section 306(a) of the Act permits the award of benefits greater than the weekly wage under the following circumstances:

> If at the time of injury, the employe receives wages equal to or less than 50% of the statewide weekly wage, then he shall receive 90% of his average weekly wage as compensation but in no event less than thirty-three and one-third percent of the maximum weekly compensation payable.

Claimant received only the amount allowed by statute, and the referee's award therefore shall not be deemed an acknowledgment of concurrent employment.

Claimant is employed full-time earning wages greater than her pre-injury wages. Under the circumstances

of this case, where disability continues but Claimant earns more than her pre-injury wages, compensation benefits must be suspended. *See Johnson v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 527, 388 A.2d 767 (1978). The Board therefore properly reversed the referee's decision that compensation benefits should continue.

Accordingly, the decision of the Board is affirmed.

ORDER

AND NOW, this 16th day of August, 1988, the order of the Workmen's Compensation Appeal Board dated June 5, 1987 is affirmed.