**TRIANGLE BUILDING CENTER and Kemper Insurance Company, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LINCH), Respondent.**

Commonwealth Court of Pennsylvania.

Reargued Dec. 10, 1997.
Decided May 21, 1998.

Christopher C. Kain, Harrisburg, for petitioners.

Gary D. Martz, York, for respondent.

Before COLINS, President Judge, and McGINLEY, SMITH, FRIEDMAN, KELLEY, FLAHERTY and LEADBETTER, JJ.

SMITH, Judge.

Triangle Building Center and its insurer Kemper Insurance Company (Employer I) petition for review of a decision of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ) that granted the petition of Malcom R. Linch (Claimant) to review outstanding medical expenses and ordered payment and that dismissed Employer I's petition to review compensation benefits. The question presented is whether the Board erred in holding that a claimant is considered to be concurrently employed when the claimant is laid off from one employer and is receiving unemployment compensation benefits when he or she suffers a work-related injury with a second employer.

On January 31, 1990, Claimant suffered a work-related injury in the course of his employment as an assistant yard supervisor for Employer I. Employer I issued a statement of wages and notice of compensation payable based solely on Claimant's average weekly wages with Employer I of $244.15 per week. Claimant submitted earnings information concerning his employment with R & J Industries (Employer II), and Employer I issued a corrected notice of compensation payable, reflecting combined average weekly wages of $548.05. However, Claimant had been laid off from his job with Employer II since the week ending December 2, 1989, i.e., roughly two months before his injury, and he was receiving unemployment compensation benefits for this period of unemployment. While he was on layoff, Claimant was required to call in each day to see if work were available for the next day, which he did. A representative of Employer II testified that had Claimant not called in for two consecutive days, he would have been deemed to have voluntarily quit.

Claimant returned to work with Employer I, and he signed a final receipt on February 26, 1990. His layoff ended and he returned to work with Employer II after the week ending March 10, 1990. The record includes a supplemental agreement for compensation dated October 16, 1990, in which Employer I and Claimant agreed that Claimant became re-disabled and that he was entitled to payment of compensation at the previously determined corrected rate on and after May 31, 1990. Claimant filed a petition to review medical treatment and/or billing on January 19, 1993, alleging that Employer I had refused to make payment of properly submitted medical bills resulting from his work injury. Employer I filed a petition to review compensation benefits on January 27, 1993, alleging that it had ascertained that Claimant may have been laid off from his other job at the time of the work injury.

The WCJ determined that Claimant was entitled to benefits based upon concurrent employment, and the Board affirmed. The Board acknowledged that in *Freeman v. Workmen's Compensation Appeal Board (C.J. Langenfelder & Son)*, 107 Pa.Cmwlth. 138, 527 A.2d 1100, *appeal denied*, 517 Pa. 600, 535 A.2d 1058 (1987), this Court held that a claimant must have two or more employers at the time of injury to be entitled to a benefit calculated on concurrent wages. Further, in *Mengel v. Workmen's Compensation Appeal Board (Boyer's IGA, Inc.)*, 118 Pa.Cmwlth. 582, 545 A.2d 992 (1988), the Court noted that receipt of unemployment compensation does not constitute concurrent compensation. The Board observed, however, that in each of those cases the other employer had gone out of business. The

Board concluded that the evidence in this case that Claimant's layoff was only temporary gave rise to a reasonable expectation that he would return and constituted a sufficient basis for distinguishing *Freeman* and *Mengel*. Employer I petitions this Court for review.[1]

Section 309(e) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 582(e), provides in pertinent part: "Where the employe is working under concurrent contracts with two or more employers, his wages from all such employers shall be considered as earned from the employer liable for compensation." Employer I asserts that because Claimant had been laid off from Employer II at the time of injury, he is not entitled to benefits based upon concurrent employment. It notes that in *Freeman* a claimant sustained a work-related injury while working for one employer two weeks after his other employer went out of business. This Court held that the meaning of the word "concurrent" in Section 309(e) requires a claimant to have two or more employers at the same point in time in order to be entitled to a higher average weekly wage. Similarly, in *Mengel*, one of the claimant's employers went out of business in September 1984, and the claimant suffered a work-related injury while working for the other employer in February 1985. The claimant was still receiving unemployment compensation benefits due to the closing of the business, and she argued that the receipt of those benefits constituted a continuation of her employment relationship with the former employer. The Court rejected that contention, holding that the Act nowhere provides that receipt of unemployment compensation should be deemed to constitute concurrent employment.

Employer I contends that the basis for the holdings in *Freeman* and *Mengel* was not that those claimants had no reasonable expectation of returning to work with their other employer but rather that both were unemployed in respect to their other employers when they were injured. The receipt of unemployment compensation benefits precluded a determination that they were "working" for another employer at the time of their injuries within the meaning of Section 309(e). Claimant argues that *Freeman* and *Mengel* were correctly decided because the claimants in those cases had no expectation of returning to work for businesses that had closed. Here, however, Claimant fulfilled contractual obligations for remaining employed with Employer II by calling in every day, and he did in fact return to work with Employer II and worked until he became disabled again on May 31, 1991.

Claimant asserts that a claimant who was on vacation from one employer would in all likelihood not be denied concurrent benefits if he were injured while working for the other employer. In a supplemental brief, Claimant contends that the question of concurrent employment should be decided on a case-by-case basis, in a manner similar to issues of status as employee versus independent contractor or of acting within the scope of employment. He asserts that an inflexible holding that receipt of unemployment compensation precludes a determination of concurrent employment would unfairly penalize workers in seasonal types of employment such as teaching or professional athletics and workers in industries that experience regular shutdowns for maintenance and authorize workers to apply for unemployment compensation during such periods.

This Court agrees with Employer I that because Claimant was receiving unemployment compensation benefits, he may not be regarded as "working" for Employer II at the time of his injury within the meaning of Section 309(e) of the Act. As Employer I notes, Section 104 of the Act, 77 P.S. § 22, states: "The term 'employe' as used in this act is declared to be synonymous with servant, and includes—All natural persons who perform services for another for a valuable consideration...." Also, Section (2)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L.

---

1. This Court's review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence in the record and whether the Board committed an error of law or a constitutional violation. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

(1937) 2897, *as amended,* 43 P.S. § 753(*l* )(1), defines "employment" as "all personal service performed for remuneration by an individual under any contract of hire, express or implied, written or oral...."

Although Claimant maintained a relationship with Employer II by calling in each day while he was laid off, and he arguably might be considered to have performed a service by holding himself ready for work and notifying Employer II of that fact daily, Claimant does not assert that he received any remuneration for such a service. In addition, this Court held in *Mengel* that the Act does not provide for receipt of unemployment compensation benefits to be deemed to be concurrent compensation. The Court is not persuaded that the circumstances involved here justify abandoning the holding of *Mengel.* The various hypothetical situations raised by Claimant are not now before the Court, and the Court declines to speculate concerning issues not based upon a fully developed factual record.[2] Accordingly, the order of the Board is reversed, and this case is remanded according to instructions in the accompanying order of the Court.

### ORDER

AND NOW, this 21st day of May, 1998, the order of the Workers' Compensation Appeal Board is reversed, and this case is remanded to the Board with instructions to grant the petition of Triangle Building Center and Kemper Insurance Company to review compensation and to recalculate the average weekly wage without reference to wages Claimant Malcolm R. Linch earned while working for R & J Industries.

Jurisdiction is relinquished.

McGINLEY, Judge, dissenting.

I respectfully dissent to the majority's reversal of the Workers' Compensation Appeal Board's order which affirmed the Workers' Compensation Judge's decision that Appellant was not concurrently employed at the time of his injury.

The majority relies on *Mengel v. Workmen's Compensation Appeal Board (Boyer's IGA, Inc.),* 118 Pa.Cmwlth. 582, 545 A.2d 992 (1988), for the proposition that receipt of unemployment compensation does not constitute concurrent compensation. However, in *Mengel,* the employer had gone out of business before the claimant was injured at her subsequent job. In the present case, Claimant was laid off on a day to day basis.

Here, Claimant was temporarily laid off from his first job when he was injured at the second. Evidence presented verified that Claimant was required as a condition of his unemployment compensation to call his employer every day to see if work was available for the next day. The Board concluded that this layoff was only temporary and that Claimant had a reasonable expectation that he would return to work. This constitutes a sufficient basis for distinguishing *Mengel.*

In *Freeman v. Workmen's Compensation Appeal Board (C.J. Langenfelder & Son),* 107 Pa.Cmwlth. 138, 527 A.2d 1100, *appeal denied,* 517 Pa. 600, 535 A.2d 1058 (1987), this Court held that a claimant must have two or more employers at the time of injury to be entitled to a benefit calculated on concurrent wages. Here, Claimant fulfilled his contractual obligations with Employer II by calling in every day, and in fact did return to work before he was again disabled.

Accordingly, I would affirm the order of the Workers' Compensation Appeal Board.

**2.** Claimant also argues in his supplemental brief, without stating the point as a separate issue, that Employer I should not be permitted to attack the content of the supplemental agreement for compensation into which it voluntarily entered. Although Claimant raised this issue before the WCJ, he did not state or argue the point in his original brief to this Court or in his first brief on reargument before the Court en banc. Therefore, the question has been waived, Pa. R.A.P. 2116(a), and any post-argument submissions by Claimant on this issue may not be considered by the Court. Should the merits be considered, however, Claimant would not prevail. Section 413(a) of the Act, 77 P.S. § 771, provides in part that a Workers' Compensation Judge "may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party ... if it be proved that such notice of compensation payable or agreement was in any material respect incorrect."