Patricia C. Senecal, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Walsh Associates, Inc., Respondents.

Argued December 8, 1980, before Judges Mencer, Blatt and MacPhail, sitting as a panel of three.

*Marie Elisa Marzani, Epstein, O'Neill & Utan,* for appellant.

*John R. Lenahan, Jr., Lenahan & Dempsey,* for respondents.

Opinion by Judge MacPhail, February 27, 1981:

Patricia C. Senecal (Claimant) appeals to this Court from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's dismissal of Claimant's petition for workmen's compensation benefits.[1] We affirm.

---

[1] The Board also denied Claimant's request that the proceedings be remanded to the referee for a rehearing on the basis of new evidence. The Board's refusal to grant a rehearing has not been contested in the present appeal and, therefore, is not addressed by this opinion.

Claimant alleges that she was injured in the course of her employment as a key-punch operator trainee with Walsh Associates, Inc. (Employer) when, on August 8, 1977, a wheel from the chair she was using fell off forcing Claimant to grab for her desk in order to maintain her balance. This incident allegedly resulted in an injury to Claimant's back. Claimant continued to work and did not seek medical attention despite her alleged injury for approximately fifteen weeks. While at home on November 26, 1977, however, Claimant's right leg collapsed under her. She was admitted to Mercy Hospital shortly thereafter and was diagnosed as having a herniated intervertebral disc. Claimant's condition ultimately required surgery and on February 13, 1978 a laminectomy of the lumbar spine was performed.

Based on evidence adduced at two hearings and the testimony of Claimant's treating physician (Dr. Todaro) by way of deposition, the referee dismissed Claimant's petition finding that she had failed to sustain her burden of proving a compensable work-related injury. The referee specifically found Dr. Todaro's testimony as to causation to be incredible because "it was based on a history which your Referee does not believe." The referee also found that Claimant was involved in an automobile accident "in the latter part of 1977." On Claimant's appeal to the Board the decision of the referee was affirmed.

Claimant argues in her appeal before this Court that 1) there was a capricious disregard of the evidence by the referee, 2) the referee failed to make a necessary finding of fact, to wit, whether or not the Claimant was injured in the alleged automobile accident, and 3) the Employer has the burden of proving that an injury occurred as a result of the automobile accident rather than at work.

The burden of proof in a claim for compensation under The Pennsylvania Workmen's Compensation Act[2] lies with the Claimant. She must establish the right to compensation and all of the elements requisite to an award. *Halaski v. Hilton Hotel,* 487 Pa. 313, 409 A.2d 367 (1979). Our scope of review where the decision below was adverse to the party with the burden of proof is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without capriciously disregarding competent evidence. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

Claimant argues that in reaching his decision the referee capriciously disregarded her testimony as well as that of Dr. Todaro. A capricious disregard of competent evidence can be found only where the referee willfully and deliberately disregards competent testimony which one of ordinary intelligence could not possibly avoid in reaching a result. *Transue v. Falk's Food Basket of Philadelphia,* 27 Pa. Commonwealth Ct. 156, 365 A.2d 894 (1976). It is clear from the referee's detailed summarization of the testimony of Claimant and her physician that no capricious disregard of evidence occurred in the instant case. Rather, the referee simply *disbelieved* Claimant's evidence on causation based on his judgment that the evidence lacked credibility. The following finding is illustrative:

10. From the *credible evidence* presented in this case, we find as a fact that the claimant failed to prove that she suffered a work-related injury on August 8, 1977 or that the back condition she suffered from was causally related to the alleged work-related injury. . . .

[2] Act of June 2, 1915, **P.L. 736,** *as amended,* **77 P.S. §1** *et seq.*

> We also find as a fact that although your Referee has a great deal of respect for Dr. Todaro, the claimant's treating physician in this case, however, *we cannot accept his testimony as to causal relationship since it was based on a history which your Referee does not believe.* (Emphasis added.)

Questions of credibility, the resolution of conflicts in the testimony, and the weight to be given the evidence presented are matters for determination by the referee. *Snyder v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 227, 412 A.2d 694 (1980). We note that the referee's findings do not indicate that he disbelieved Dr. Todaro's medical testimony with respect to Claimant's physical condition. The referee only disbelieved the testimony on causation.[3] It is well settled that the referee may accept or reject the testimony of any witness in whole or in part. *Workmen's Compensation Appeal Board v. Guzman,* 18 Pa. Commonwealth Ct. 275, 334 A.2d 852 (1975). Our review of the record and the referee's decision discloses no capricious disregard of competent evidence.

Claimant's second argument is that the referee failed to make a necessary finding of fact as to whether Claimant was injured in an automobile accident rather than at work. More specifically, Claimant argues that our Supreme Court's decision in *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975) requires that an additional finding with respect to the alleged auto accident be made. We believe, to the contrary, that the referee's findings satisfy the requirement in *Page's Department Store, su-*

---

[3] Dr. Todaro testified that, "It is my opinion that her present condition is the direct result of the accident which she alleges happened on August 8, 1977, during her work at Walsh Associates, wherein the chair she was sitting on partially collapsed."

*pra,* at 287, 346 A.2d at 561 that an adjudication "include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision." We also note that a medical conclusion with respect to the effect of the auto accident was essentially precluded by Claimant's failure to admit her involvement in such an accident.

In the instant case the referee found as fact, based upon the testimony of Claimant's supervisor and a portion of Claimant's medical history which Dr. Todaro testified was incorrectly dictated, that "the claimant did in fact, suffer an automobile accident in the latter part of 1977."[4] This finding is not crucial to the referee's decision and in our opinion, serves primarily to substantiate the referee's conclusion that Claimant's evidence on causation lacked credibility. The *crucial* finding in the instant case is that "claimant failed to prove that she suffered a work-related injury on August 8, 1977 or that the back condition she suffered from was causally related to the alleged work-related injury." Having determined that Claimant failed to prove that she suffered a compensable injury the referee need not, as Claimant would have us believe, proceed to a determination of how the injury actually did occur. We conclude that the referee has made those findings of fact based on substantial evidence which are necessary to support his dismissal of the claim petition. Additional findings are not needed.

---

4 Claimant's supervisor testified that Claimant told her in September or early October of 1977 that she had been involved in an automobile accident which had "shaken [her] up." While this testimony was hearsay, it falls within the party admission exception to the hearsay rule. As such the statement may be used as substantive evidence as well as for purposes of impeachment. *See Unemployment Compensation Board of Review v. Houp,* 20 Pa. Commonwealth Ct. 111, 340 A.2d 588 (1975) and 14 P.L.E. *Evidence* §151 (1959). Thus, the referee's finding is supported by competent evidence.

186

We also find no merit to Claimant's argument that the Employer, having raised the possibility that Claimant was involved in an automobile accident subsequent to August 8, 1977, must prove that Claimant's injury occurred as a result of that accident. We firmly disagree with Claimant's characterization of the evidence of the auto accident as a "defense" asserted by the Employer. The evidence which the Employer introduced served primarily to impeach Claimant's credibility. We repeat that it is *Claimant's* burden to prove a compensable injury. And, while the Employer may attempt to discredit Claimant's proof, it does not bear any burden of proving how the injury occurred.

Order affirmed.

ORDER

AND Now, this 27th day of February, 1981, the order of the Workmen's Compensation Appeal Board, No. A-76473, dated July 12, 1979, is hereby affirmed.