Buttonwood Farms, t/a Delta School, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Gloria Loreen Swartz, Respondents.

Argued June 4, 1981, before Judges ROGERS, BLATT and PALLADINO, sitting as a panel of three.

*Ronald F. Bove, Swartz, Campbell* and *Detweiler,* for petitioner.

*Patrice Ann Toland,* with her, *Albert E. Hart, Jr.,* and *James M. Marsh,* for respondent, Gloria Loreen Swartz.

OPINION BY JUDGE ROGERS, July 7, 1981:

Buttonwood Farms, trading as Delta School, has appealed from an order of the Workmen's Compensation Appeal Board affirming the decision of a referee dismissing its petition for termination of workmen's compensation benefits to Gloria Loreen Swartz. We affirm the order below.

On May 15, 1975, Ms. Swartz suffered an injury to her right thigh and leg during the course of her employment. Workmen's compensation benefits were paid by Buttonwood Farms under a notice of compensation payable. In September, 1977, Buttonwood Farms stopped paying and filed a petition to terminate benefits, averring that Ms. Swartz was no longer disabled. At the referee's hearing, Ms. Swartz testified that she remained disabled as a result of her injury; that she has continual pain; that her right knee locks and buckles under her; that she can sit for short periods of time only; that she cannot stand for long

periods; that she cannot kneel on her right knee; and that she cannot drive more than short distances. Her medical witness, Dr. Herbert Stein, testified that Ms. Swartz continues to be disabled; that she could not resume her former work at Buttonwood Farms; and that she could not perform any work which would involve squatting, kneeling, running, frequent climbing of stairs, extended walking, sitting for more than one hour, or prolonged standing.

Buttonwood Farms adduced the testimony of Dr. Martin Beller, who gave his medical opinion that Ms. Swartz was no longer disabled and could return to her former work. Dr. Philip Spergel, a vocational rehabilitation expert, also testified for Buttonwood Farms. On direct examination Dr. Spergel testified that he had examined Ms. Swartz and reviewed physical limitations placed upon Ms. Swartz's employability by Dr. Stein and had concluded that suitable work was available to Ms. Swartz. He mentioned several positions available, primarily clerical in nature, which he believed were within Ms. Swartz's capabilities. On cross-examination, Dr. Spergel admitted that all of the named positions would require Ms. Swartz to engage to some extent in the activities not, according to Dr. Stein, within her capabilities. Dr. Spergel conceded that he could not say just how much kneeling, bending, standing, prolonged sitting or other prohibited activity would be required from Ms. Swartz in these positions but he believed Ms. Swartz would be permitted to tailor her working conditions to suit her physical abilities in any of these jobs.[1]

The referee found as fact that Dr. Stein's testimony was credible and therefore accepted Dr. Stein's opinion that Ms. Swartz remains disabled, and that the cross-examination of Dr. Spergel established that

---

[1] Buttonwood Farms also introduced into evidence a short film of Ms. Swartz, taken surreptitiously, showing her in movement.

Ms. Swartz was not capable of performing the type of jobs described by Dr. Spergel as being available. He characterized Dr. Spergel's testimony as speculative, biased, and not credible and therefore not acceptable as evidence of the availability of work suitable for Ms. Swartz. The referee concluded that Buttonwood Farms had not met its burden of proving that Ms. Swartz's disability had ceased or that suitable work was available to Ms. Swartz and directed the continued payment of benefits to Ms. Swartz and ordered her attorney's fees to be paid by the employer. The Workmen's Compensation Appeal Board affirmed.

Buttonwood Farms, which had the burden of proving cessation of disability, contends that the referee's rejection of Dr. Spergel's testimony that work was available which Ms. Swartz was capable of performing was a capricious disregard of competent evidence. We disagree.

> The referee
>
> is not required to accept even uncontradicted testimony as true. . . . 'Capricious disbelief is not merely disbelieving a witness. To constitute capricious disbelief there must be a willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one of ordinary intelligence could not possibly challenge or entertain the slightest doubt as to its truth
>
> . . . .
>
> Pusey's Estate, 321 Pa. 248, 262, 184 A. 844, 850.'

State Workmen's Insurance Fund v. Young, 2 Pa. Commonwealth Ct. 423, 427-28, 276 A.2d 552, 555 (1971) (quoting Chilcote v. Leidy, 207 Pa. Superior Ct. 345, 349, 217 A.2d 764, 766 (1966)). Dr. Spergel's admission on cross-examination that the positions which he named as available would require Ms. Swartz

to perform some activities which both Ms. Swartz and Dr. Stein testified were beyond her capabilities casts some doubt on his conclusions. *See, e.g., Pennwalt Stokes Div. v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 98, 403 A.2d 186 (1979); *Workmen's Compensation Appeal Board v. Universal Cyclops,* 20 Pa. Commonwealth Ct. 261, 264-65, 341 A.2d 223, 225 (1975). Dr. Spergel's inability to state with any degree of specificity how much physical activity would be required and his mere assumption that the job requirements could be adjusted to accommodate her limitations justified the referee's finding that Dr. Spergel's testimony was speculative. In any case, the referee is the ultimate factfinder and in matters of credibility and the weight to be given evidence his action on the facts may not be disturbed. He was not obliged to accept Dr. Spergel's conclusion that work was available which the claimant could do. *See Pennwalt Stokes Div.,* 44 Pa. Commonwealth Ct. at 102-04, 403 A.2d at 188-89.

Order affirmed; an appropriate judgment order will be entered.

## ORDER

AND Now, this 7th day of July, 1981, the order of the Workmen's Compensation Appeal Board, dated June 12, 1980 is affirmed and judgment is entered in favor of the claimant, Gloria Loreen Swartz, and against the defendants, Buttonwood Farms, t/a Delta School, and/or its insurer, U.S. Fidelity & Guaranty Company, for workmen's compensation benefits for total disability payable to the claimant, at the rate of $58.73 per week, from September 12, 1977 and continuing into the indefinite future. It is further ordered that the defendants pay to the claimant the sum of $795.00 for costs incurred by the claimant. All deferred payments of compensation shall bear interest at the rate of ten percentum (10%) per annum.

Counsel for the claimant, Albert E. Hart, Jr. is hereby awarded counsel fees in the amount of twenty percent (20%) of claimant's award of compensation. The defendants shall deduct the counsel fees from the claimant's award and shall pay the counsel fees directly to counsel for the claimant, in accordance with the order of the referee dated November 21, 1979.