James Fusarelli, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Valley Camp Coal Company et al., Respondents.

540

Argued May 6, 1981, before President Judge Crumlish and Judges Blatt and Williams, Jr., sitting as a panel of three.

*Lawrence R. Chosben*, with him *Margaret D. Blough, Yablonski, King, Costello & Leckie,* for petitioner.

*Paul E. Sutter,* with him *George H. Thompson, Hirsch, Weise & Tillman,* for respondents.

Opinion by Judge Blatt, September 10, 1981:

The petitioner, James Fusarelli, appeals a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's denial of bene-

fits because the petitioner did not give timely notice of his disability to his employer, the Valley Camp Coal Company, as required by Section 311 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §631.

The petitioner was employed in underground coal mines for over 40 years and he worked for the employer here concerned from sometime in 1970 until June 25, 1976 when he found it necessary to resign because of severe shortness of breath. He notified his employer on April 28, 1977 that he was disabled and the next day he filed a claim petition alleging that he became totally disabled as of February 7, 1977 due to coal worker's pneumoconiosis contracted in the course of his employment under Section 108(q) of the Act, 77 P.S. §27.1(q).[1] After numerous hearings at which conflicting medical evidence was presented, the referee found that the petitioner was indeed totally disabled due to an occupational disease but that the effective date of such disability was June 26, 1976, at which time he knew or, through the exercise of reasonable diligence, should have known that his disability was caused by an occupational disease contracted during his employment. Inasmuch as he had not given notice to his employer until April 28, 1977, which was not within 120 days of becoming aware of his disability as required by Section 311 of the Act, 77 P.S. §631, his claim petition was denied. On appeal to the Board, the referee's decision was upheld and the instant petition for review followed.

The petitioner in a case of this kind has the burden of proving all of the elements which would en-

---

[1] A claim petition was also filed and an award made against the Commonwealth under Section 301(i) of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1401(i). That award has not been challenged here.

title him to benefits and, where he has not prevailed below, our scope of review is limited to determining whether or not the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Senecal v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 180, 425 A.2d 1200 (1981). The petitioner argues that the referee capriciously disregarded his testimony and that of his medical witness to the effect that he became totally disabled on February 7, 1977 and that he was not aware of his disability until that date which would have been well within the 120-day notice period.

Under Section 311 of the Act the notice period does not begin to run until the petitioner has: "(1) knowledge or constructive knowledge (2) of a disability (3) which exists, (4) which results from an occupational disease, and (5) which has a possible relationship to his employment." *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 74, 77, 407 A.2d 117, 118 (1979). In the hearing before the referee held on June 16, 1977, the petitioner testified that "a little over a year ago" he had been examined by his family physician, Dr. McCarrell, who informed him that he had pneumoconiosis and that he should "get out of the mines," but that he nevertheless returned to work until June 25, 1976, when his condition forced him to retire. A medical report from Dr. McCarrell was introduced, which was dated July 12, 1976, and which indicated that the petitioner was believed to have pneumoconiosis and that he was advised to quit working in the mines because of his health condition.[2] Deposi-

---

[2] The record also contains a letter from the Appalachian Laboratory for Occupational Respiratory Diseases (Laboratory) informing the petitioner in December of 1970 that he had pneumoconiosis

tions and medical reports from two other physicians were also presented which concluded that, pursuant to examinations of the petitioner in February and November of 1977, he was totally disabled due to anthracosilicosis, emphysema and asthmatic bronchitis. The referee found that, at the time of the petitioner's retirement, he was totally disabled from anthracosilicosis and/or coal worker's pneumoconiosis which were related to his employment, and that he knew or should have known at that time both of the existence of his disability and that it resulted from an occupationally related disease. We believe that the questions of the date of the petitioner's disability and his knowledge in regard thereto are factual matters concerning which there was conflicting testimony. We also believe that, it being the function of the referee and not of this reviewing Court, to resolve issues of credibility and conflicting evidence, *Workmen's Compensation Appeal Board v. Republic Steel Corp.*, 31 Pa. Commonwealth Ct. 301, 375 A.2d 1369 (1977), we should not disturb the findings that were made here by the referee and affirmed by the Board.

We will therefore affirm the order of the Board.

ORDER

AND Now, this 10th day of September, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed and

It Is Further Ordered that the Commonwealth of Pennsylvania is directed to pay to James Fusarelli compensation at the rate of $100.00 per month com-

---

and had the right to transfer to a part of the mine with a lesser concentration of dust. Another letter was sent in February of 1973, by Dr. Morgan, Director of the Laboratory, notifying Dr. McCarrell that the status of the petitioner's pneumoconiosis was unchanged, that he had an obstructive airway disease and that he had been advised to consult with his physician in the near future.

544

mencing from June 26, 1976 and continuing thereafter for each month of total and permanent disability. Such compensation may be subject to suspension under Section 301(k) of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1401(k).