Richard J. Jacobs, Petitioner *v.* Workmen's Compensation Appeal Board (Sentle Trucking Corporation), Respondents.

Submitted on briefs October 4, 1982, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Alexander J. Pentecost,* for petitioner.

*Joan A. Goldsmith,* for respondents.

OPINION BY JUDGE DOYLE, January 3, 1983:

This is an appeal by Richard J. Jacobs (Claimant) from a decision of the Workmen's Compensation Appeal Board (Board) affirming the determination of a referee dismissing Claimant's petition for an award of benefits under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1023. We affirm the decision of the Board.

Claimant was employed by Sentle Trucking Corporation. On August 27, 1979, he was in the process of unloading his truck, removing chains and throwing a tarp over the trailer when he suffered a myocardial infarction which has rendered him totally disabled. At a hearing before the referee, Claimant's physician testified that the heart attack was work related. The examining physician presented by the employer testified that Claimant had indicated a history of smoking four packs of cigarettes a day for forty years. The employer's physician opined that the activity in which Claimant engaged on August 27 was not the cause of the heart attack. The referee accepted the opinion of

the employer's physician as the more credible, and concluded that the heart attack was not related to Claimant's employment. The Board affirmed the referee in a memorandum opinion.

An employee has the burden to prove entitlement to compensation under the Workmen's Compensation Act, and when that burden is not sustained below, review by this Court is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without capricious disregard of competent evidence. *Senecal v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 180, 425 A.2d 1200 (1981).

In the case at bar, the referee found that the Claimant was engaged in his usual work activity when the incident occurred. Claimant urges that, on the date in question, he was performing his usual work activity with more than usual haste. Claimant testified, however, that on other similar occasions it was in his best interest to rush through the unloading activities. In a workmen's compensation case, questions of credibility are for the fact finder, not the reviewing court. *Buttonwood Farms v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 357, 446 A.2d 983 (1981). We cannot say that the referee's conclusion that on the date in question Claimant's activity was not unusual was in capricious disregard of competent evidence.

Claimant also attacks the opinion of the employer's examining physician. On cross examination, the doctor admitted that it was possible, if Claimant had never before engaged in the degree of activity alleged, that such might have precipitated the myocardial infarction. The doctor concluded from the Claimant's history, however, that such was not the case and Claimant's work activity had not caused the heart at-

tack. The referee's acceptance of the physician's opinion was consistent with his finding that Claimant was engaged in his usual work activity and can be sustained without capricious disregard of competent evidence.

### ORDER

Now, January 3, 1983, the order of the Workmen's Compensation Appeal Board No. A-81386 affirming the denial of benefits to Richard J. Jacobs is hereby affirmed.