601 A.2d 483

TUNNELTON MINING COMPANY/PA. MINES
CORPORATION, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (ADAMS), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 11, 1991.

Decided Dec. 31, 1991.

Michael J. Wagner, for petitioner.

Timothy P. Creany, for respondent.

Before PALLADINO, and BYER, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Tunnelton Mining Company/Pa. Mines Corporation (Employer) petitions for review of the order of the Workmen's Compensation Appeal Board (Board), dated May 14, 1991, which reversed the referee's grant of Employer's Modification Petition.

Employer paid total disability benefits to Harold Adams (Claimant) beginning February 1, 1984 pursuant to a Notice of Compensation Payable. Claimant had sustained a work-related injury to the lumbar region of the back on January 30, 1984. Employer thereafter filed a Modification Petition on January 19, 1988 wherein it alleged that work was available to Claimant suitable to his physical condition and that such work was offered to Claimant. No Answer was filed by Claimant until February 16, 1988 when an oral answer was placed on the record at the first hearing.

Two hearings were held and both parties submitted, *inter alia,* medical testimony by deposition and medical reports. On July 17, 1989, the referee issued a decision which included the following findings of fact:

4. G. Malcolm Cottington, M.D., a board certified orthopedic surgeon, testified by deposition on behalf of the Defendant [Employer]. Dr. Cottington examined the Claimant on November 18, 1987. In Dr. Cottington's professional opinion, the Claimant sustained a L-4/5 level disc with residual weakness of L-5 nerve root

resulting in first toe extensor and anterior tibial muscle weakness which does not cause an impairment.

5. Dr. Cottington found that the Claimant could perform the security job as described even with the residual weakness.

6. A job was offered to the Claimant as a watchman by letter dated December 22, 1987, requesting a response on or before January 4, 1988. No contract was made. This position would provide a wage of $220.00 per week resulting in a wage loss of $285.92 and a compensation rate modified to $190.61.

. . . . .

10. After careful review of the evidence, I am not persuaded by the opinions of the Claimant and Dr. Wheeling regarding the Claimant's inability to perform the duties of a watchman. Therefore, I accept the opinions of Dr. Cottington over those of Dr. Wheeling and find the Claimant physically capable of performing the duties of the watchman job as offered on December 22, 1987.

11. Compensation should be modified effective January 4, 1988, to reflect compensation payable at the partial disability rate of $190.61.

(R.R., pp. 125a–126a.)

The referee concluded that Employer met its burden for modification of compensation through competent, credible and unequivocal evidence of the employment offer of January 4, 1988, which was within Claimant's physical condition, and granted the Modification Petition.

Claimant appealed to the Board, which reversed the referee's decision by opinion and order filed May 14, 1991. The Board determined that there was no evidence that Claimant had been given medical clearance to perform the offered job at the time it was actually available, since Dr. Cottington's (Employer's medical witness) testimony, which

was relied upon by the referee, was given on March 29, 1988, after the job had been offered.

Before us, Employer argues that the Board erred as a matter of law by engaging in its own review of the evidence and concluding that Employer failed to establish that Claimant had medical clearance to work at the time the position was offered to Claimant. Employer contends that there is substantial evidence to support the referee's conclusion that Claimant was capable of performing the work which was offered. Employer further argues that its burden to show job availability is met when it offers employment which falls within the medical restrictions placed on Claimant as a result of his work injury. The thrust of Employer's argument is that in an instance where a claimant is offered a job within his medical restrictions but cannot perform the job because of a subsequent disability which is not related to the work injury, the employer is entitled to a modification of benefits payable.

Our scope of review is limited to determining whether an error of law was committed or constitutional rights were violated, and whether all necessary findings of fact are supported by substantial evidence. *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Co.)*, 132 Pa.Commonwealth Ct. 292, 572 A.2d 845 (1990).

■ An employer who seeks to modify a workmen's compensation claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition and then produce evidence of a referral to a then open job which fits in the occupational category for which the claimant has been given medical clearance. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

In the present case, Employer submitted a medical report prepared by Dr. Cottington following his examination of Claimant on November 18, 1987. Dr. Cottington noted that Claimant had had back surgery as a result of his work-

related injury. (R.R., p. 80a.) Dr. Cottington thereafter stated:

> In my opinion, this individual's disc problem would well have healed by this time and the residual such as weakness of his toe extensor and anterior tibial muscle are not severe enough that he would have a foot drop and be unstable because of this, *so I would feel that if one were going strictly on residuals from his surgery that he could do the job as a night watchman,* however, this individual, in my opinion, based on other factors would not be able to do this, he is very tremulous and does have a history of falling and he evidently has sustained a compression fracture in the period since 1986. In my opinion then, this would make it difficult for him to perform the duties of a night watchman.
>
> I do not, however, feel that his falling is related to the disc injury because he does not have marked weakness of the toe extensor anterior tibial muscle that would cause him to have a drop foot and to fall.
>
> His tremulousness could well be related to alcohol or other problems. He does have some thickening in the abdominal aorta and may well need to have that evaluated, but again, this would not be related to the compensable injury.

(R.R., p. 82a.) (Emphasis added.)

Employer argues that Dr. Cottington's opinion that Claimant had recovered from his work-related injury and could perform the job of night watchman satisfies its burden to show job availability because it offered employment which falls within the medical restrictions which had been placed on Claimant as a result of his work-related injury. Employer contends that it is not required to pay benefits while Claimant is unemployable because of a condition which is unrelated to his work injury. We agree.

 The purpose of workmen's compensation is to provide benefits to employees who suffer work-related injuries resulting in a loss of earnings. *U.S. Steel Corporation v. Workmen's Compensation Appeal Board (Airgood)*, 62

Pa.Commonwealth Ct. 502, 437 A.2d 92 (1981). We have consistently held that, in a termination proceeding, the employer bears the burden of proving that all work related disability has ceased; if the claimant suffers from continuing disability, then the employer bears the burden of proving a lack of causal connection between the claimant's disability and his compensable injury. *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service)*, 95 Pa.Commonwealth Ct. 158, 504 A.2d 985 (1986). Although the proceeding in the present case is for a modification of benefits, the same standard applies. Here, Employer alleged that Claimant's disability was not connected to his compensable injury and the referee, accepting Dr. Cottington's opinion, found that Claimant was "physically capable of performing the duties of the watchman job as offered on December 22, 1987." (Finding of Fact No. 10.) Therefore, Claimant's refusal of the available job, which was within the restrictions imposed upon him due to his work-related injury, was not warranted.

For the foregoing reasons, we reverse the decision of the Board.

BYER, J., dissents.

ORDER

AND NOW, this 31st day of December, 1991, the order of the Workmen's Compensation Appeal Board, dated May 14, 1991, is reversed.