**Margaret HUNTER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (GERIATRIC & MEDICAL CENTER INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 22, 1995.

Decided Nov. 8, 1995.

---

F. Barbara Danien, for petitioner.

Elkin A. Toliver, Jr., for respondent.

Before DOYLE and NEWMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Margaret Hunter (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed a decision by a workers' compensation judge (WCJ) denying Geriatric & Medical Center Inc.'s (Employer) termination petition but granting its modification petition. We affirm.

On February 17, 1989, Claimant suffered a work-related back injury while working for Employer as a nurse's aide. She received temporary total disability benefits pursuant to a notice of compensation payable. On May 31, 1990, Employer filed a petition for termination, suspension or modification, alleging that Claimant had recovered from her work-related injury or that Claimant's dis-

ability had lessened and that work was available within Claimant's restrictions. After hearings were held, the WCJ granted Employer's suspension petition, concluding in pertinent part that:

2. Geriatric and Medical Center, Inc. failed to establish the work-related lumbar spinal injury of Margaret Hunter fully resolved.

3. Geriatric and Medical Center, Inc. established Margaret Hunter applied in bad faith for the position at Park America, a position well within her existing physical, educational, and vocation capacity, and paying $81.60 per week.

(WCJ's Decision, p. 12.)

The WCJ's conclusion that Claimant exhibited bad faith in applying for the position at Park America is based on his Finding of Fact No. 18, which states that "[u]pon informing Park America of additional physical limitations imposed upon her by virtue of an injured upper right extremity unrelated to the work injury, the actions of Margaret Hunter constitute bad faith." (WCJ's decision, p. 7.) The WCJ further explained that Claimant testified that she made contact with Al Rosner of Park America by telephone and informed him that she was unable to come in for an interview because her hand was in a cast and sling. The WCJ also found that by the time Claimant's hand injury resolved the job had been filled.

Claimant appealed to the Board, arguing that her truthful statements about her condition to a prospective employer did not constitute bad faith. The Board, however, affirmed the WCJ, relying on *Munroe v. Workmen's Compensation Appeal Board (H & G Distributing Co.)*, 151 Pa.Cmwlth. 465, 617 A.2d 88 (1992), *petition for allowance of appeal denied*, 536 Pa. 634, 637 A.2d 294 (1993), wherein the court held that the claimant's explanation about both his work-related wrist injury and non-work-related back problems during a telephone call to the prospective employer took on the indicia of a willful sabotage.

On appeal to this Court,[1] Claimant raises the same issue she raised before the

---

1. Our scope of review in a workers' compensa-     tion appeal is limited to determining whether an

Board, i.e., whether Claimant's informing a prospective employer of her additional physical limitations caused by a non-work-related injury constituted bad faith.

Claimant contends that she did not act in bad faith by refusing suitable employment, but that she was honestly informing the prospective employer about a temporary non-work-related condition that was visually obvious. Claimant relies on the court's discussions in both *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987),[2] and *Fledderman v. Workmen's Compensation Appeal Board (Stackpole Carbon Corp.)*, 93 Pa.Cmwlth. 44, 500 A.2d 215 (1985), to persuade this Court that her actions were not lacking the "good faith" requirement. However, the language quoted by Claimant in her brief could not be found upon our examination of the *Kachinski* and *Fledderman* opinions. Moreover, both opinions concern the second prong of *Kachinski*, namely the employer's burden of showing job availability, and do not discuss in depth what actions by a claimant could be identified as actions constituting "bad faith."

■ Our inquiry here is two-fold. First, is the recognition that non-work-related physical limitations are not to be considered in construing job availability. *See Sheehan v. Workmen's Compensation Appeal Board (Supermarkets General)*, 143 Pa.Cmwlth. 624, 600 A.2d 633 (1991), *petition for allowance of appeal denied*, 530 Pa. 663, 609 A.2d 170 (1992). In *Sheehan*, the court held that "[p]hysical limitations taken into consideration to determine job availability cannot be construed to include those physical limitations resulting from a non-work-related inju-

ry with no casual [sic] connection to the prior work-related injury nor which are related to physical limitations existing prior to the injury." *Id.* 600 A.2d at 637.

■ Next, a claimant's actions must be examined when he or she allegedly follows through on a job referral. The *Munroe* opinion, relied upon by the Board, stated that the claimant's telephone call to Fiber Clean, the prospective employer, effectively eliminated any chance for employment, finding "it difficult to imagine any employer who would be willing to set up an interview with an applicant who describes all the reasons he should *not* be hired." *Id.* at 91 (emphasis in original). Possibly by describing all of his limitations, the claimant in *Munroe* exhibited *more* of what is termed bad faith than Claimant here; however, by not attempting to set up an interview at which some accommodation may have been reached and telling the prospective employer by telephone that her arm was in a cast and sling, Claimant, in essence, sabotaged the job.

Accordingly, we hold that Claimant failed to demonstrate that she in good faith followed through on a job referral; thus, we affirm the Board's decision.

### ORDER

NOW, November 8, 1995, the order of the Workmen's Compensation Appeal Board, dated May 8, 1995, at No. A93–3000, is affirmed.

---

error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

**2.** *Kachinski* is the seminal case that sets out the following four-part procedure governing the return to work of injured employees:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first pro-

duce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Id.* 516 Pa. at 252, 532 A.2d at 380.